*645 Curia, per
O’Neall, J.
The only question which will be considered is that arising out of the 1st and 2d grounds of appeal, whether the protest of the notary, as altered by him.after suit brought, was admissible to prove a demand of and notice of non-payment.
The 2d section of the Act of 1822, 6 Stat. at Large, 182, provides, “that whenever a notary public who may have made protest for nón-payment of any inland bill or promissory note, shall be dead, or shall reside out of the district in which said bill or note is sued, his protest of said bill or note shall be received as sufficient evidence of notice in any action, by any person whatsoever, against any of the parties to such bill or note.”
This was placing the protest of an inland bill or promissory note, in the case of the death of the notary, or his residence out of the district where the case was tried, upon the footing of a protest made abroad, of a foreign bill. Chitty on Bills, 517 ; 12 Mod. 345.
Such a paper, to be evidence per se, must carry with it all the usual evidence of genuineness. If it be altered after made, it destroys its character of authenticity, and would go far to exclude it altogether from being received in evidence. But it certainly furnishes no evidence that the alteration has been made according to the truth, for the law does not give it any such effect. To permit it to establish the fact that the notary, in extending the protest, made a mistake in stating that he presented the said note at “the said bank,” meaning the Bank of the State of South Carolina, where the note was discounted, instead of at “the said office,” meaning the office of Robinson & Caldwell, where the note was payable, would be allowing his mere statement out of court as evidence of that fact. This is nothing but hearsay. It is the same thing as if James R. Aiken had proved, “I took this protest to Mr. Cogdell, and on shewing it to him he said “the said bank” is in it by mistake; I presented the note at the office of Robinson & Caldwell, and made the demand.” Would such evidence be admissible 'l It is clear it would not. The mere correction by the notary, of his protest, is no more than his declaration that it was wrong, and is as clearly inadmissible in evidence.
*646 The best position which the case could occupy for the plaintiff, would be to consider the notary as having merely noted the note for protest, and his altered protest as an extension of it. Looking to a foreign protest of a foreign bill, it seems to be well settled that mere noting of the bill for protest will not do. Leftley vs. Mills, 4 T. R. 175; Chitty on Bills, 280 ; 2 Phill. on Ev. 36. This being so, it would follow that an extension of the protest, after suit brought, would not be enough. And although it seems to be doubtful whether, if a foreign bill be noted for protest abroad, the notary may not, any day after, draw the protest and date it of the day when noted : yet it is advised that it should be completed on the day notéd. Chitty on Bills, 289. And surely it would not be pretended that after suit brought, it might be made out, however it might be before. And so it is expressly said in Bailey on Bills, 260. “The protest may be formally drawn up at any future period; provided, that in the event of a suit, it be drawn up before the commencement of such suit; for the drawer was not properly chargeable only upon the protest.” In this case the defendant may be charged without the protest; but when the protest is relied upon to charge him, he can say, as an instrument of evidence against me, in its present shape, it had no existence when suit was brought, and hence I cannot now be charged by it, no more than the drawer of a foreign bill, noted for protest abroad, could be charged by the extension of that protest after suit brought.
The motion for a new trial is granted.
Evans, Bdtler, Wardlaw, and Frost, JJ. concurred.